# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 21-cr-639 (EGS)** |
| | : | |
| ANTHONY SARGENT, | : | |
| | : | |
| Defendant. | : | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect the

United States' legitimate interests, it is, pursuant to the Court's authority under Fed. R. Crim. P.

16(d)(1) and with the consent of the parties, ORDERED:

1.     **Materials Subject to this Order.**  This Order governs materials provided by the

United States at any stage of discovery during this case and which the United States has

identified as either "Sensitive" or "Highly Sensitive."  Examples of materials that the United

States may designate as "Sensitive" or "Highly Sensitive" pursuant to this Order include but are

not limited to:

   a.  Personal identity information as identified in Rule 49.1 of the Federal Rules of
       Criminal Procedure, as well as telephone numbers, email addresses, driver's
       license numbers, and similar unique identifying information;
   b.  Information regarding the government's confidential sources;
   c.  Information that may jeopardize witness security;
   d.  Contact information for, photographs of, and private conversations with
       individuals that do not appear to be related to the criminal conduct in this case;
   e.  Medical or mental health records;
   f.  Sources and methods law-enforcement officials have used, and will continue to
       use, to investigate other criminal conduct related to the publicly filed charges;
   g.  Surveillance camera footage from the U.S. Capitol Police's extensive system of
       cameras on U.S. Capitol grounds;[1]
   h.  Repair estimates from the Architect of the Capitol;

---

[1] To be clear, this does not include footage from body worn cameras from other police departments that responded on January 6, 2021, the vast amount of which the United States will *not* designate as Sensitive or Highly Sensitive. (Body worn camera footage will be marked Sensitive or Highly Sensitive only if it contains material described in paragraph one above or for a similar reason not anticipated by this Order.)

    i.  Materials designated as "security information" pursuant 2 U.S.C. §1979; and
    j.  Tax returns or tax information.

This Order will not be used to designate materials as Sensitive or Highly Sensitive unless such

designation is necessary for one of the reasons stated in this paragraph or for a similar reason not

anticipated by this Order.  The government agrees to make every effort to provide discovery in a

manner that will allow for most discovery to be produced without such designations.

    2.    **Defendant.**  Any reference to "Defendant" herein refers individually to each

defendant identified in the caption above.

    3.    **Legal Defense Team.**  The "legal defense team" includes defense counsel

(defined as counsel of record in this case, including any post-conviction or appellate counsel)

and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising

or assisting defense counsel in connection with this case.

    4.    **Rules for the Handling of Sensitive and Highly Sensitive Materials.**

    a.  **Limitations on Use.**  Defendant and the legal defense team may use Sensitive
        and Highly Sensitive discovery materials solely in connection with the
        defense of this case and any other case connected to the events at the United
        States Capitol on January 6, 2021, including any post-conviction or appellate
        litigation, and for no other purpose, and in connection with no other
        proceeding, without further order of this Court.

    b.  **Limitations on Dissemination.**  No Sensitive or Highly Sensitive materials,
        or the information contained therein, may be disclosed to any persons other
        than Defendant, the legal defense team, or the person to whom the Sensitive
        or Highly Sensitive information solely and directly pertains or his/her counsel,
        without agreement of the United States or prior authorization from the Court.

    c.  **Limitations on Reproduction.**  Defendant, the legal defense team, and
        authorized persons shall not copy or reproduce the Sensitive or Highly
        Sensitive materials except in order to provide copies of the materials for use in
        connection with this case by Defendant, the legal defense team, the person to
        whom the Sensitive or Highly Sensitive information solely and directly
        pertains or his/her counsel, and other persons to whom the Court may
        authorize disclosure (collectively, "authorized persons").

2

If defense counsel provides Defendant access to Sensitive or Highly Sensitive materials, defense counsel must advise Defendant that Defendant may not record any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure or any telephone numbers, email addresses, driver's license numbers, and similar unique identifying information.  By signing the attached affirmation, Defendant agrees not to do so.

Copies and reproductions, and any notes or records made in relation to the contents of the Sensitive and Highly Sensitive materials, are to be treated in the same manner as the original materials.

d. **Court Filings.**  Absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as Sensitive or Highly Sensitive in any public filing with the Court. Such materials shall be submitted under seal in accordance with Local Criminal Rule 49(f)(6). The Clerk of Court shall accept for filing under seal any filings made in compliance with that Rule and so marked by the parties pursuant to this Order.

e. **Court Hearings.**  The restrictions in this Order shall not limit either party in the use of the materials in judicial proceedings in this case. The procedures for use of designated Sensitive and Highly Sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose materials designated Sensitive or Highly Sensitive in open court without agreement by the parties that such materials may be disclosed in open court or prior authorization by the Court.

5.  **Additional Rules for Handling of Sensitive Materials.**  The following additional terms apply to Sensitive materials:

a. **Storage.**  Sensitive materials must be maintained in the custody and control of Defendant, the legal defense team, and authorized persons.  This restriction shall not apply to the person to whom the Sensitive information solely and directly pertains or his/her attorney.

6.  **Additional Rules for Handling of Highly Sensitive Materials.**  The following additional rules apply to Highly Sensitive materials:

a. **Additional Limitations on Dissemination.**  Defense counsel may not provide a copy of Highly Sensitive materials to Defendant or permit Defendant to view such materials unsupervised by defense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel. The parties agree that defense counsel or an attorney, investigator, paralegal,

or support staff person employed by defense counsel, may supervise Defendant by allowing access to Highly Sensitive materials through a cloud-based delivery system that permits Defendant to view the materials but does not permit Defendant the ability to download; provided that, prior to doing so, defense counsel first provides notice to the United States and allow the United States to file an objection with the Court if no agreement is reached.

b.  **Additional Limitations on Reproduction.** Counsel agrees that prior to showing materials to Defendant designated as Highly Sensitive, counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel will read Defendant the relevant parts of this Order, and remind Defendant of the consequences of violating the Order.   If Defendant takes notes regarding Highly Sensitive materials, counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel must take reasonable steps to determine whether Defendant has copied any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure or any telephone numbers, email addresses, driver's license numbers, and similar unique identifying information.

c.  **Storage.** Highly Sensitive materials must be maintained in the custody and control of the legal defense team and authorized persons.  This restriction shall not apply to the person to whom the Highly Sensitive information solely and directly pertains or his/her attorney.

7.      **Viewing by Incarcerated Defendants.**  If Defendant is in the custody of the United States Marshals Service, defense counsel is authorized to provide a copy of discovery materials to the appropriate point of contact so that the defendant can view the discovery materials, subject to the terms of this Order.

8.      **Disputes.**  The parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention.  The United States may agree to remove or reduce a sensitivity designation without further order of this Court.  Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, the United States will agree to redaction, and such redaction will render the materials no longer subject to this Order.  Any agreement to reduce or remove a sensitivity designation or to redact specific information shall be memorialized in writing.

9.      **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation.  The parties agree that the burden of demonstrating the need for a protective order remains with the government at all times.

10.     **Failure not Waiver.**  The failure by the United States to designate any materials as Sensitive or Highly Sensitive upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as Sensitive or Highly Sensitive but the government must separately identify and memorialize the changed status of those materials in writing.

11.     **Automatic Exclusions from this Order.**  This Order does not apply to materials that:

  a.  Are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings;

  b.  Were derived directly from Defendant or that pertain solely to Defendant. Examples of such materials include Defendant's own financial records, telephone records, digital device downloads, social media records, electronic communications, arrest records, and statements to law enforcement;[2] and

  c.  Materials that the defense obtains by means other than discovery.

12.     **Government's Discovery Obligations.**  Nothing in this Order modifies the United States' obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1, 18 U.S.C. § 3500 (the Jencks Act), and the government's general obligation to produce exculpatory and impeachment information in criminal cases.

---

[2]  Discoverable materials that were derived directly from Defendant or that pertain solely to Defendant are exempt from this Order regardless of whether the United States has designated any such materials as "Sensitive" or "Highly Sensitive" because the same materials are being provided or made available to co-defendants or other persons charged in connection with the events at the United States Capitol on January 6, 2021.

13.     **Defense Counsel's Obligations.**  Defense counsel must provide a copy of this Order to, and review the terms of this Order with, members of the legal defense team, Defendant, and any other person, before providing them access to Sensitive or Highly Sensitive materials. Defense counsel must obtain a fully executed copy of Attachment A before providing Defendant access to Sensitive or Highly Sensitive materials, and must file a copy with the Court within one week of execution.

14.     **No Ruling on Discoverability or Admissibility.**  This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

15.     **Duration.**  The terms of this Order shall remain in effect after the conclusion of this case and the parties shall be bound by it unless otherwise ordered by the Court.

**SO ORDERED** this _____ day of _____, 2021.

_____
THE HONORABLE EMMET G. SULLIVAN
United States District Judge

**ATTACHMENT A**

**Defendant's Acceptance**

I have read this Protective Order and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Protective Order and all matters relating to it. I fully understand this Protective Order and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Protective Order fully.

_____                    _____
Date                                                ANTHONY SARGENT
                                                    Defendant