**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-639 (DLF) |
| : | |
| ANTHONY SARGENT, : | |
| : | |
| Defendant. : | |

## PARTIES JOINT MOTION TO CONTINUE JURY TRIAL AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The parties hereby moves this Court to continue the jury trial currently scheduled for July 10, 2023, to the previously scheduled alternative date of August 28, 2023, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), from the date this Court enters an Order on this motion through and including August 28, 2023.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2022, Defendant Anthony Sargent was indicted on charges of 18 U.S.C. § 231(a)(3) (Civil Disorder); 18 U.S.C. § 1361, 2 (Destruction of Government Property); 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds); 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building or Grounds); and 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings).

1

On March 24, 2023, this Court scheduled this case for a jury trial on July 10, 2023, with an alternative date of August 28, 2023.

## ARGUMENT

### A. Continuance of Jury Trial

During the March 24 hearing, counsel for the defendant noted that he was scheduled to go to trial on July 10 in the case of *United States v. Henry Phillip Muntzer*, 1:21-cr-105 (JMC). At the time, however, counsel was not certain whether that trial would go forward. Since then, counsel determined that *Muntzer* will not resolve short of trial and he will be unavailable to proceed to trial in this matter on July 10. Further, after the March 24 hearing, the government learned that the special agent assigned to this case will be out of the country on July 10 and then will retire at the end of the month. A new special agent is now on the case and she will be available for trial on August 28. For these reasons, the parties are unavailable for trial on July 10 and a continuance to August 28 is appropriate.

### B. Exclusion of Time

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As relevant to this motion for a continuance, the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth

a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> …
>
> iv. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (citing § 3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests-of-justice finding is within the discretion of the Court. See, e.g., *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). The parties are unable to proceed to trial on July 10 due to scheduling conflicts. The continuance will ensure that the parties can proceed to trial on the earliest possible date. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendants in a speedy trial.

## CONCLUSION

WHEREFORE, the parties respectfully requests that this Court grant the motion to continue the jury trial from July 10 to August 28, 2023, and, from the date this Court enters an Order on this motion through and including August 28, 2023, that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:   */s/ Andrew Haag*
ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
601 D Street, N.W.
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov

*/s/ Joshua Ontell*
Joshua Ontell
Assistant United States Attorney
VA Bar No. 92444
601 D Street, N.W.
Washington, DC 20530
(202) 252-7706
Joshua.ontell@usdoj.gov

Attorney for Defendant

*/s/ William Shipley*
William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com