From: William L. Shipley, Attorney for Defendant Anthony Sargent
To:   Hon. Dabney Freidrich, U.S. District Judge
      AUSA Joshua Ontel and AUSA Andrew Haag

Re:   U.S. v. Sargent, 21-cr-00639 DLF
      Change of Plea – July 11, 2023

Defendant Anthony Sargent intends to enter pleas of guilty to all counts of the Superseding Indictment without an agreement with the Government.

Below is a statement of facts he is prepared to admit for purposes of establishing a factual basis for each of the counts.

Also set forth are the elements of each offense as well as the potential maximum penalties for each count. Mr. Sargent and his counsel have reviewed the contents of this memorandum and will affirm its accuracy and understanding pursuant to Rule 11 at the hearing set for July 11, 2023.

## Factual Basis for Guilty Pleas to all Counts of the Superseding Indictment.

On January 6, 2021, in the District of Columbia, Anthony Sargent did obstruct, impede and interfere with federal law enforcement officers engaged in the lawful performance of their duties incident to and during a civil riot, in that Mr. Sargent refused to comply with the lawful commands of law enforcement officers to cease his protest activities and leave the grounds of the United States Capitol.

At the time of the above-described acts, there was a "civil disorder" at and around the grounds of the United States Capitol building in Washington D.C., and that "civil disorder" did obstruct, delay, or adversely affect commerce or the movement of any article or commodity in commerce in that Safeway Supermarkets in the District of Columbia were ordered to close early on January 6, thereby reducing their sales of goods to the public until they were allowed to reopen.

On January 6, 2021, the acts by the defendant as part of his protesting caused damage to doors of the United States Capitol building by breaking out glass panels. The costs of repairing the damage did not exceed $1,000.00, Mr. Sargent willfully and knowingly twice threw a rock-like object at a set of doors located at the North Door of the Capitol Building with the intended purpose of impeding, obstructing, and interfering with the officers standing behind those doors.

While on the Capitol Grounds, and in the midst of a civil disorder, Mr. Sargent did impede, obstruct, or interfere with a law enforcement officer engaged in the performance of his duties. When the officer was attempting to stop another rioter, Mr. Sargent did physically and intentionally separate the rioter and the police officer, thereby preventing the officer from detaining the rioter.

At the time Mr. Sargent engaged in the actions described herein, and without lawful authority to be there, he was in a "restricted area" of the Capitol grounds because the Vice President of the United States was temporarily visiting the Capitol on that day.

While in the "restricted area" he did engage in disorderly or disruptive conduct with the intent to impede or disrupt the Government business or official functions at that location, and his conduct did, in fact, impede or disrupt Government business or official functions taking place that day.

Mr. Sargent's conduct on the Capitol grounds did include an act of violence against the property in that he did cause one or more panels on a set of doors to be damaged.

Earlier in the day on January 6, 2021, Mr. Sargent did willfully and knowingly enter the United States Capitol building without lawful permission to do so, and without passing through the security screening processes normally functioning. While inside he did engage in disorderly or disruptive conduct that impeded, disrupted, or disturbed a session of Congress or either House of Congress in that Congress could not resume its Joint Session until all unauthorized individuals inside the Capitol were removed and the building was secured.

He entered and remained inside the Capitol knowing that he did not have permission to do so, and while inside the Capitol he did knowingly and willfully parade, demonstrate or picket.

Defendant Anthony Sargent agrees that the facts set forth above are sufficient to establish each of the elements of the offenses with which he is charged:

Count 1:     a violation of 18 U.S.C. Sec. 231(a)(3)
Count 2:     a violation of 18 U.S.C. Sec. 1361
Count 3:     a violation of 18 U.S.C. Sec. 1752(a)(1)
Count 4:     a violation of 18 U.S.C. Sec. 1752(a)(2)
Count 5:     a violation of 18 U.S.C. Sec. 1752(a)(4)
Count 6:     a violation of 40 U.S.C. Sec. 5104(e)(2)(D)
Count 7:     a violation of 40 U.S.C. Sec. 5104(e)(2)(F)

The elements of each of the above listed offenses are as follows:

Count 1:  A violation of 18 U.S.C. Section 231(a)(3)

1. The defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. At the time of the defendant's action, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. The civil disorder in any way or degree obstructed, delayed or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Count 2:  A violation of 18 U.S.C. 1361

1. The defendant did injure or commit a depredation against property of the United States;

2. The defendant did so willfully;

3. The defendant's actions resulted in damage to property of the United States in an amount that did not exceed $1,000.00.

Count 3:  A violation of 18 U.S.C. Sec. 1752(a)(1)

1. The defendant entered or remained in a restricted building or grounds;

2. The defendant did so knowingly; and

3. The defendant did so without lawful authority to enter or remain at that location.

Count 4:  A violation of 18 U.S.C. Sec. 1752(a)(2)

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Count 5:  A violation of 18 U.S.C. Sec. 1752(a)(4)

1. The defendant knowingly engaged in a physical act of violence against a person or property; and

2. The defendant's action took place in a restricted building or grounds.

Count 6:  A violation of 40 U.S.C. Sec. 5104(e)(2)(D)

1. The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol buildings;

2. The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. The defendant acted willfully and knowingly.

Count 7:  A violation of 40 U.S.C. Sec. 5104(e)(2)(F)

1. The defendant did engage in an act of physical violence in the Grounds or any of the Capitol Buildings.

2. The defendant acted willfully and knowingly.

Statutory Penalties:

As to Count 1, the defendant faces a maximum potential penalty of up to 5 years in custody, a term of supervised release of up to 3 years; and a fine of up to $250,000.

As to Counts 2, 3, 4, and 5, the defendant faces a maximum potential penalty under the statute of up to 1 year in custody on each count; a term of probation of up to 5 years; and a fine of up to $100,000 on each count.

As to Counts 6 and 7, the defendant faces a maximum potential penalty under the statute of up to 6 months in custody on each count; a term of probation of up to 5 years; and a fine of up to $5,000 on each count.

I have read this document and understand it and agree with it.

William Shipley   7/21/23